NILLSON v. LAWRENCE et al.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

APPEAL AND ERROR (§ 449*)—ORDER OVERRULING DEMURRER—INTERLOCUTORY JUDGMENT—REMEDY OF PARTY AGGRIEVED.

An order overruling a demurrer to the complaint with leave to answer is an interlocutory judgment, which gives defendant the option to stand on the demurrer and appeal or to plead over, and a defendant electing to appeal may, after perfecting his appeal, apply on notice for a stay of proceedings, but is not entitled to an order extending his time to answer for a specified number of days after the determination of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 449.*]

Appeal from Special Term, New York County.

Action by Carlotta Nillson against Walter N. Lawrence and others. From an order denying a motion to vacate an ex parte order extending time to answer the complaint, plaintiff appeals. Reversed.

See, also, 129 N. Y. Supp. 1137.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

B. G. Oppenheim, for appellant.
Melville H. Cane, for respondents.

SCOTT, J. Plaintiff appeals from an order denying her motion to vacate an ex parte order extending the time of defendant American Play Company to answer the complaint. The said defendant demurred to the complaint. On plaintiff's motion the demurrer was overruled, leave being given to said defendant to withdraw its de-

murrer and answer within 10 days. Before the 10 days had expired, defendant appealed to the Appellate Division, and applied for and obtained an ex parte order extending its time to answer "to and including ten days after the determination by the Appellate Division of the appeal" from the order overruling the demurrer. It was this order which plaintiff seeks to vacate.

In our opinion the motion to vacate should have been granted. The order overruling the demurrer under the practice now authorized and adopted in the present case stands in the place of, and is to be treated as, an interlocutory judgment, which determines the issue of law raised by the pleading and the demurrer. It is an adjudication, and, in effect, a judgment leaving to the defeated party the option of adopting one of two courses. He may stand on his demurrer and appeal from the order overruling it, or may withdraw the demurrer and plead over, but one or the other he must do. An order such as defendant obtained operates in one point of view as an amendment of the order overruling the demurrer, and in another point of view as a stay of proceedings under that order pending an appeal. It can be sustained in neither view. In either the opposite party was entitled to notice. And, even if she had had notice, the order would have been improper. An indefinite extension of time to answer over would have been unauthorized, even if embodied originally in the order overruling the demurrer. The proper course for a demurrant to pursue who wishes to appeal from the order vacating his demurrer is to refuse to plead over, and, after having appealed, to apply upon notice for a stay of further proceedings pending appeal, whereupon the court, if it considers that the motion should be granted, will fix such terms and conditions as the Code prescribes and as seem reasonable.

It is true that by following this course the demurrant loses the option to plead over given by the original order, but this is the necessary result of his refusal to avail himself of the option, and he runs little risk in doing so, because the cases are rare in which an Appellate Court, even if it affirms the order overruling the demurrer, does not grant leave to plead over upon proper terms.

Order appealed from reversed, with $10 costs, and disbursements, and the motion granted, with $10 costs. All concur.