## SCHWABE et al. v. HERZOG.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

APPEAL AND ERROR (§ 436*) — EFFECT OF APPEAL — JURISDICTION OF LOWER COURT.

Where defendant appealed from an order striking out certain paragraphs of the answer, and granting judgment on the pleadings with leave to plead over within 20 days, it was improper for the Special Term before the determination of the appeal to extend defendant's time to plead over in case of an affirmance until 10 days after service of a copy of the order of affirmance, the proper practice being to stay proceedings pending the appeal, leaving it to the Appellate Division to determine whether leave to plead over should be granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2191, 2192; Dec. Dig. § 436.*]

Appeal from Special Term, New York County.

Action by Alfred J. Schwabe and another, formerly copartners doing business as Alfred J. Schwabe & Co., against Aladar W. Herzog. From an order extending defendant's time to plead, plaintiffs appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Theodore K. McCarthy, of New York City, for appellants.

LAUGHLIN, J. On a motion duly made by the plaintiffs herein to have certain paragraphs of the amended answer stricken out and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

others adjudged frivolous and for judgment on the pleadings, the motion was granted with leave to the defendant to plead over within 20 days on payment of the costs of the motion. The defendant thereupon appealed from the order, and then moved at Special Term for an order to the effect that in the event that the Appellate Division should affirm the order from which he had appealed his time to accept the provisions of the order with respect to leave to plead over on payment of costs be extended until the expiration of 10 days after the entry and service upon his attorneys of a copy of the order of affirmance of the Appellate Division. The motion was granted upon condition that the defendant proceed with the argument of the appeal when it should be reached in its regular order.

In Nillson v. Lawrence, 148 App. Div. 155, 132 N. Y. Supp. 664, this court held that, where a demurrer to a complaint was overruled with leave to plead over, it was not competent for the Special Term upon an ex parte application to extend the time of the defendant to answer until after the decision of the appeal to this court from the interlocutory judgment overruling the demurrer, and that the proper practice was for the defendant after appealing to apply at Special Term on notice before pleading over for a stay of proceedings pending the appeal, and leave it for this court to determine whether or not, in the event of an affirmance, he should be given leave to plead over, which is ordinarily allowed.

In Vogel v. Vogel, 131 N. Y. Supp. 577, the learned Appellate Term sustained an order of the City Court staying proceedings pending an appeal to the Appellate Term from an order overruling a demurrer and permitting the defendant to plead over, but reversed the order as unauthorized in so far as it purported to give the defendant six days within which to plead over after the entry of the order of the Appellate Term on the appeal.

We are of opinion that the practice established by those authorities, although in the one the order had been granted without notice, is applicable to the case at bar, and that the court erred in making the order.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.