(169 App. Div. 610)

WOOLLCOTT v. SHUBERT et al. (No. 7894.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

Appeal and Error ☞456—Effect of Appeal—Jurisdiction of Lower Court—Extension of Time to Serve Amended Complaint.

Where plaintiff obtained an injunction pendente lite, which on appeal was reversed, and thereafter defendants' motion for judgment on the pleadings was granted by an order giving plaintiff leave to serve an amended complaint within 20 days, and that on his failure to do so de-

fendant should have judgment dismissing the complaint, and plaintiff appealed from such order and brought suits against the defendants, an order on plaintiff's motion, extending plaintiff's time within which to pay the costs and serve an amended complaint until 20 days after the Appellate Division's decision of the appeal from such order, was errone-ous, the proper practice being for plaintiff, after appealing, to apply to the Special Term on notice, before pleading over, for a stay of pro-ceedings, and to leave it to the Appellate Division to determine whether, in the event of affirmance, he should be given leave to plead over.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. ☞456.]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Alexander Woollcott against Lee Shubert and others. From an order extending plaintiff's time to serve an amended com-plaint, defendants appeal. Order modified, by striking out the pro-vision for the extension of time, and by inserting in lieu thereof a stay of proceedings pending the appeal to the Appellate Division.

See, also, 154 N. Y. Supp. 643, and 90 Misc. Rep. 474, 154 N. Y. Supp. 754.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

William Klein, of New York City (Charles H. Tuttle, of New York City, on the brief), for appellants.

Alfred A. Cook and Leventritt, Cook & Nathan, all of New York City (Emil Goldmark, of New York City, on the brief), for respond-ent.

CLARKE, J. This is an action brought by the dramatic critic of a New York newspaper to enjoin the defendants from refusing to permit the plaintiff to enter any theater, music hall, or place of public amusement controlled by them upon the same terms as the public gen-erally. The plaintiff claimed that he had been arbitrarily excluded from such places of public amusement and discriminated against solely because defendants professed to be displeased with a certain dramatic criticism written by him. An injunction pendente lite having been granted by the Special Term, an appeal was taken to this court, which resulted in the reversal of the order and a denial of the motion for such injunction. 154 N. Y. Supp. 643.

Thereafter the defendants moved for judgment on the pleadings, which motion was granted by Mr. Justice Weeks, by an order which gave leave to the plaintiff to serve an amended complaint within 20 days after the service of said order, and that, in the event that the plaintiff should fail to serve an amended complaint within the time specified, the defendant should have judgment against the plaintiff, dis-missing the complaint, with costs. Upon the argument the plain-tiff's counsel conceded that the decision of this court upon the in-junction pendente lite proceedings required the granting of the motion for judgment, and stated that no amended complaint would be served, but that for the purpose of getting the real question involved before

the Court of Appeals at the earliest possible moment he would appeal to the Appellate Division from the order about to be made granting the motion for judgment. It was suggested that a stipulation be entered into to extend the time of the defendants to answer or demur until after the decision of the Court of Appeals. A stipulation to that effect was sent by the attorneys for the defendant to the attorneys for the plaintiff; but it contained the further stipulation that the plaintiff should make no effort to obtain admission to any theater controlled by the defendants until said determination, and to institute no proceedings looking to the enforcement of any criminal liability under the civil rights statute until after such determination. These clauses were obnoxious to the plaintiff, and the stipulation was therefore returned unsigned.

Thereafter the plaintiff took an appeal to this court from the aforesaid order of Mr. Justice Weeks, and also instituted four suits against defendants in the Municipal Court, claiming in each instance a penalty of $500 because of alleged acts of the defendants in refusing to permit him to enter certain theaters. Thereupon the plaintiff made a motion for an order extending the plaintiff's time within which to pay the costs and to serve an amended complaint, as provided by the order of Mr. Justice Weeks, until 20 days after the decision of the Appellate Division of the appeal taken from said order. Said motion was granted by Mr. Justice Shearn, and from the order entered thereon this appeal is taken.

The order appealed from is clearly wrong. Nillson v. Lawrence, 148 App. Div. 155, 132 N. Y. Supp. 664; Schwabe v. Herzog, 157 App. Div. 672, 142 N. Y. Supp. 652. The proper practice, as indicated, would have been for the plaintiff, after appealing, to apply to the Special Term on notice, before pleading over, for a stay of proceedings, and leave it for this court to determine whether or not, in the event of an affirmance, he should be given leave to plead over. The notice of motion was broad enough to permit of that relief.

The order appealed from should therefore be modified, by striking out the provision for the extension of time in which to serve an amended complaint, and by inserting in lieu thereof a stay of proceedings pending the appeal to this court, without costs. Settle order on notice.

INGRAHAM, P. J., and LAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.